REDMANN, Judge.
Reappointed on December 11,1979 by the then Governor to the Orleans Levee District *631 Board of Commissioners, La. R.S. 38:1233, defendant A. Charles Borrello privately took his oath of office within 30 days of receipt of his commission as required by La. R.S. 42:141 and mailed it to the Secretary of State, but the Secretary of State is unable to find the oath[1] and has no record of having received it.
Defendant now appeals from a judgment declaring his office vacant and upholding an appointment by the present Governor to fill the vacancy. We reverse.
Paramount in our consideration is that both elected and appointed officials are governed by the same laws in respect to qualifying for their offices. Although the office in question here is an appointed one, our decision would equally apply to an elected one. We reject any notion that courts should defeat the will of the voters and deprive an elected public official of his office on any basis other than one expressly provided by law. Because that must be the test for elected officials, it must also be the test for appointed officials. We find no law that expressly provides for the loss of one’s office under defendant’s circumstances.
Plaintiff cites La. R.S. 42:141 and 162, but it is only § 141 that expressly vacates one’s office for noncompliance with its provisions, and defendant has complied with § 141. That law reads:
A. Each public officer, within thirty days after receipt of his commission, shall take the oath of office prescribed by law, and give bond, where required, and file the same in the proper office in the manner required by law.
B. Subject to the time limitations set forth in Subsection A hereof, a public officer may take his oath of office at any time after he receives his commission. An oath taken prior to the date shown on the commission shall be deemed to have been taken on and shall be effective on and after the date on which the term of office for which the oath is taken commences. In cases where the office is one for which no date for term of office is set, an oath taken prior to the date on the commission shall be deemed to have been taken oh and shall be effective on and after the date on the commission.
C.Failure to comply with the requirements of this Section shall create a vacancy in the office, and the vacancy shall be filled in accordance with law as in other cases of vacancy.
The warning of § 141 is that a public officer must “take” the oath — something that can be done orally, as is done by every witness in a court of law. § 141 adds that the officer shall “give bond, where required, and file the same in the manner required by law.” (Emphasis added.) § 141 thus requires filing the bond (“within thirty days after receipt of his commission”) but does not expressly require a filing of the oath.
One must here compare § 162:
The oath of all officers of the state may be administered by the governor, any judge, justice of the peace, or clerk, and shall be subscribed by the party taking it, and certified in his commission by the person administering it. This oath or affirmation shall be deposited in the office of the Secretary of State, and by him recorded in a book kept for that purpose. The oath or affirmation of all parish officers shall also be recorded in the clerk’s office of the parish where the same may have been administered, to be recorded by the clerk in a book kept for that purpose.
The oath or affirmation shall be deposited for recordation within one month after the same shall have been administered.
It is thus § 162 that requires that a written oath be “deposited” (rather than “filed”), but § 162 does not say that the public officer taking the oath must deposit it, and the language is at least equally susceptible to the interpretation that the person administering the oath must deposit it (just as the oath must be “certified in his commission by the person administering it” *632 rather than by the person taking the oath). Moreover, § 162 calls for deposit not within 30 days of the commission but “within one month after the [oath] shall have been administered.” Yet another difference pertinent to § 141’s “file the same in the proper office” is that the oath and bond go to different offices: § 162 sends the oath to the Secretary of State while §§ 186 and 189 send the bond to the parish clerk of court and a “copy” to the State Treasurer.
Accordingly, our conclusion from the wording of § 141 is reinforced by § 162: the only oath requirement in § 141 is that the oath be taken within 30 days of receipt of the commission. Thereafter it is § 162 that requires its deposit within a month of the taking of the oath. Thus, if the oath were taken on the 30th day after receipt of the commission and deposited a 31-day month after taking the oath, the deposit could occur timely although 61 days after receipt of the commission. Most important, and dispositive of this case, is that failure to deposit the oath timely within the delay allowed by § 162 is a noncompliance with § 162 but not with § 141: and it is expressly and only a violation of § 141 that results in a vacancy in the office.
We need not cite all the court decisions dealing with § 141 or its predecessors to assert that none of them, as far as we can find, involves a simple failure of the oath to be deposited with or recorded by the Secretary of State.[2]
The judgment appealed from is reversed, effective immediately and notwithstanding plaintiff’s entitlement to apply for rehearing or writs, and plaintiff’s action is dismissed at his cost.

. A curious coincidence is that, at first, the Secretary of State was also unable to find defendant’s earlier oath for his first term of office. But a record of receiving that oath did exist.

. We do not decide whether the testimony of mailing suffices to show the depositing required by § 162.