982 So.2d 213 (2008)
Patricia THOMAS, Sharon Augillard, Brenda Byrd and The Housing Authority of the City of Kenner, Louisiana
v.
Marshall TADEMY, Donnie Small, James L. Cannella and Edmund J. Muniz.
City of Kenner
v.
Kenner Housing Authority Resident Association, Patricia Thomas, Sharon Aguillard, Brenda Byrd.
Nos. 2007-CA-0922, 2007-CA-0923.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 2008.
Rehearing Denied May 7, 2008.
Michael J. Power, Ansardi, Maxwell & Power, Kenner, LA, for James L. Cannella and Edmond J. Muniz.
William F. Wessel, Wessel & Associates, A Law Corporation, New Orleans, LA, for Brenda Byrd.
Derrick Shepherd, Shepherd & Associates, L.L.C., Marrero, LA, for The Housing Authority of the City of Kenner, Louisiana.
Don M. Richard, Law Office of Don M. Richard, Metairie, LA, for Donnie Small.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, and Judge ROLAND L. BELSOME).
*214 DENNIS R. BAGNERIS, SR., Judge.
The Appellants, Brenda Byrd and the Housing Authority of the City of Kenner, appeal the judgment of the district court naming the Board of Commissioners of the Housing Authority of the City of Kenner[1]. We affirm the district court's findings.

Facts and Procedural History
On August 7, 2006, Mayor Edmond Muniz appointed Lawson Harvey and Marshall Tadamy to the Board of Commissioners for the Housing Authority of Kenner (hereinafter "Board"). On October 6, 2006, Mayor Edmond Muniz appointed Conchita Sulli, Donnie Small and Alvin Miller to the same Board. On January 2, 2007, the Mayor admitted that there was some confusion with his previous appointments and went on to appoint Conchita Sulli, Patricia Tomas, Brenda Byrd, Sharon Augillard and Alvin Miller to the Board by discharging all of the people who had previously claimed to be on the Board. There was no appeal by the previous board members.
On March 22, 2007, a letter to the Director of Public Housing at the Department of Housing and Urban Development, written by Mayor Muniz, attempted to change the board yet again by naming Lawson Harvey, Marshall Tademy Conchita Sulli, Alvin Miller and Donnie Small as members of the Board effectively removing Brenda Byrd, Sharon Auguillard and Patricia Thomas.
Ms. Byrd, Ms. Auguillard and Ms. Thomas filed an appeal with the City Counsel that was never heard. The City of Kenner, after making a couple of amendments, filed a Petition for Declaratory Judgment against the three women asking for an injunction against them; the suit was dismissed. From there, the women, along with the Kenner Housing Authority, filed a Petition for Writ of Quo Warranto and Preliminary and Permanent Injunction against Marshall Tademy, Donnie Small, James L. Cannella and Edmond Muniz (the Appellees in this matter). They also filed exceptions of No Right of Action and No Cause of Action as to the Declaratory Judgment and Petition for Injunction filed by the City of Kenner.
Ms. Thomas, Ms. Auguillard, Ms. Byrd and the Housing Authority were granted their exceptions on April 20, 2007. In another judgment signed on May 2, 2007, the district court named Donnie Small, Alvin Miller, Conchita Sulli, Patricia Thomas and Sharon Auguillard as the Board in response to the Petition for Writ of Quo Warranto. Brenda Byrd suspensively appeals.

Argument
Ms. Byrd maintains that the district court erred in recognizing Donnie Small as a member of the Board dating back to an attempted appointment on October 6, 2006, and removing her from the Board. She argues that Mr. Small never filed an oath of office with the Secretary of State and that Mr. Small never occupied his seat. Specifically, Ms. Byrd maintains that Mr. Small was sworn in by James L. Cannella, who at the time was the City Attorney for the City of Kenner; not a notary public in accordance with LSA-R.S 42:162 (discussed infra).
The Appellees argue that LSA-R.S 42:162 may not be applicable to the appointment of commissioner because, in their opinion, the Kenner Housing Authority is not an agency of the Parish, but an *215 agency of the State[2]. Further, the Appellees maintain that the submission of the Mayor's letters of appointment to the Board has always satisfied the requirement under LSAR.S. 40:534[3] and that no further recordation is necessary.

Law
LSA-R.S 42:162, Administration and recordation of oath or affirmation, states:
A. The oath of all officers of the state may be administered by the governor, any judge, justice of the peace, notary public, or clerk of court, and shall be subscribed to by the party taking it, and certified in his commission by the person administering it. This oath or affirmation shall be deposited in the office of the secretary of state and recorded by him. The oath or affirmation of all parish officers shall also be recorded in the clerk of court's office of the parish where the same may have been administered, to be recorded by the clerk of court in a book kept for that purpose.
B. The oath or affirmation shall be deposited for recordation within one month after the same shall have been administered.
The Appellees argue that Mr. Cannella was never asked if he possessed the authority contemplated by the statute to administer the oath and therefore he was well within his jurisdiction. Mr. Small maintains that the statute allows for any judge to administer the oath and that Mr. Cannella, a retired judge, meets the qualification.
We find that the statute does allow for any judge to administer the oath, by clearly stating that the oath ". . . may be administered by the governor, any judge, justice of the peace,. . . ." However, our focus is on the use of the word "may" as opposed to "shall." The "may" requirement is not so restrictive as to negate Mr. Cannella's authority to administer the oath. Louisiana jurisprudence is limited on this issue leaving this Court to recognize that the oath administer is rarely challenged under LSA-R.S. 42:162 and considering the other issues presented for discussion, this issue proves to be inconsequential.
Mr. Small admits that "the oath was not deposited for recordation" and relies on Ducote v. Borrello, 399 So.2d 630 (La.App. 4 Cir. 5/15/1981) arguing that Ducote makes it clear that the failure to record with the Secretary of State does not invalidate his appointment.
On appeal the court in Ducote did not invalidate the appointment of A. Charles Borrello when he took oath of office with the levee district, mailed it to the Secretary of State who in turn misplaced it leaving it impossible to record. Ms. Byrd maintain that Ducote is distinguishable from the case at bar because Mr. Small never filed an oath so there was never anything to be recorded and that he simply failed to comply with the statute and deposit the oath in the office of the Secretary of State and have it recorded.
The Appellees further argue that Mr. Small was within the time delays outlined in LSAR.S. 42:141 and that the statute, as *216 interpreted in Ducote, does not create an automatic vacancy. LSA-R.S. 42:141(A), Time limitation on oath and bond; failure to comply, states:
Each public officer, within thirty days after receipt of his commission or within thirty days after receipt of his commission certificate, whichever is later, shall take the oath of office prescribed by law, and give bond, when required, and file the same in the proper office in the manner required by law. (emphasis added)
LSA-R.S. 42:141(C) states:
Failure to comply with the requirements of this Section shall create a vacancy in the office, and the vacancy shall be filled in accordance with law as in other cases of vacancy.
The district court reasoned that ". . . taking the oath is the important thing under the statutes. The filing of them, while there may be some violation, does not produce a vacancy." LSA-R.S. 42:141(A) specifically requires that the bond shall be filed in the proper office as required by law. LSA-R.S. 42:162 requires the oath be deposited for recordation within one month.
Therefore, in compliance with Ducote, Mr. Small took a verbal oath within thirty days of the receipt of his commission, thereby complying with the requirements of LSA-R.S. 42:141.

Decree
For the reasons stated herein, we affirm the decision of the district court naming Donnie Small as a commissioner of the Housing Authority of the City of Kenner.
AFFIRMED
LOVE J., Concurs in the Result.
NOTES
[1] This appeal was transferred from the 5th Circuit Court of Appeal due to the recusal of the Court in light its of relationship with James L. Cannella, a retired judge from that circuit.
[2] We find no merit to this argument and choose to dispose of it with limited discussion considering that the Appellees cite other statutes in support of their case that deal specifically with Parish laws.
[3] A certificate of appointment or reappointment of any commissioner appointed or reappointed by the chief elected official or governing body of a municipality or parish, as the case may be, shall be filed with the secretary or clerk of the governing body of the municipality or parish, and such certificate shall be conclusive evidence of the proper appointment of such commissioner